J-S71028-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| STEPHEN HUNT WILLEMAIN | |
| Appellant | No. 845 MDA 2014 |

Appeal from the Judgment of Sentence April 17, 2014
In the Court of Common Pleas of Adams County
Criminal Division at No(s): CP-01-CR-0001018-2013

BEFORE:  FORD ELLIOTT, P.J.E., PANELLA, J., and FITZGERALD, J.[*]

MEMORANDUM BY PANELLA, J.            **FILED FEBRUARY 17, 2015**

Appellant, Stephen Hunt Willemain, appeals from the judgment of sentence entered on April 17, 2014, by the Honorable Thomas R. Campbell, Court of Common Pleas of Adams County.  After careful review, we affirm.

The trial court convicted Willemain for driving under the influence of alcohol, general impairment ("DUI"), driving on roadways laned for traffic, and careless driving, following a non-jury trial that occurred on February 27, 2014.  The trial court subsequently sentenced Willemain to an aggregate term of imprisonment of 72 hours to six months.  This timely appeal followed.

---

[*] Former Justice specially assigned to the Superior Court.

Testimony at trial established that two officers from the Pentagon Force Protection Agency[1] ("PFPA") observed a vehicle, driven by Willemain, driving in an erratic fashion at approximately 2 a.m. The officers followed Willemain as he continued to drive erratically, and ultimately pulled in behind Willemain's vehicle after he had stopped with the rear of his vehicle still in the lane of travel. At some point, the officers contacted the Pennsylvania State Police, and Trooper Michael Myers was dispatched to the scene.

When Trooper Myers arrived, he observed Willemain leaning on his vehicle. Trooper Myers noticed an odor of alcoholic beverages, and that Willemain had glassy, bloodshot eyes. Upon questioning Willemain, Trooper Myers observed that Willemain's speech was slurred and that he was disoriented and confused. Based upon these observations, Trooper Myers formed the opinion that Willemain was under the influence of alcohol to the extent that he was incapable of safe operation of a motor vehicle.

Willemain refused to perform a field sobriety test for Trooper Myers, and Trooper Myers took Willemain into custody. Trooper Myers transported Willemain to a local hospital to have a blood sample taken. Trooper Myers read the DL 26 form to Willemain, who remained silent when asked to

---

[1] "PFPA is a civilian Defense Agency within the Department of Defense charged with protecting and safeguarding the occupants, visitors, and infrastructure of the Pentagon, Mark Center, Defense Health Headquarters and other delegated Pentagon facilities." http://www.pfpa.mil/ (visited January 14, 2015).

consent to the blood test. After asking for affirmative consent several more times to no avail, Trooper Myers transported Willemain to the state police barracks for processing.

Willemain waived his preliminary hearing, and was formally arraigned on November 14, 2013. On January 2, 2014, Willemain's counsel requested leave to withdraw his appearance. Willemain indicated that he was not opposed, and the trial court granted counsel's request to withdraw.

On the date of trial, Willemain appeared *pro se* and indicated that he was not ready to proceed to trial. The trial court refused his request for a continuance.

On appeal, Willemain raises two issues for our review:

> 1. Whether appellant was denied due process of law, specifically the right to counsel afforded him by the Sixth Amendment of the United States Constitution and Article 1, Section 9 of the Pennsylvania Constitution, when his request for a continuance in order to secure the services of an attorney was denied?
>
> …
>
> 2. Whether the Commonwealth proved the necessary elements of driving under the influence beyond a reasonable doubt at trial?

Appellant's Brief, at 7.

In his first issue on appeal, Willemain contends that the trial court denied him his right to counsel by refusing to continue the trial on February 27, 2014. The trial court found that Willemain had forfeited his right to counsel by acquiescing to his initial counsel's withdrawal and his failure to

- 3 -

procure representation during the period from January 2, 2014 to February 27, 2014.

An indigent defendant may forfeit his right to appointed counsel through dilatory or improper behavior. **See Commonwealth v. Lucarelli**, 971 A.2d 1173, 1179 (Pa. 2009). After a defendant has been found to have forfeited his right to appointed counsel, the decision to appoint new counsel is reserved to the discretion of the trial court. **See Commonwealth v. Kelly**, 5 A.3d 370, 382 n. 10 (Pa.Super. 2010). "If the defendant does not agree with his counsel, he has a right to present his own contentions; but the sovereign has no duty to search for counsel until it finds one who will agree with him." **Id**., at 381 (citation omitted). "[W]here a defendant's course of conduct demonstrates his or her intention not to seek representation by private counsel, despite having the opportunity and financial wherewithal to do so, a determination that the defendant be required to proceed *pro se* is mandated because that defendant has forfeited the right to counsel." **Lucarelli**, 971 A.2d at 1179.

In the instant case, the trial court found that Willemain consented to the withdrawal of his attorney on January 2, 2014. Willemain asserted that due to weather and court administration, he didn't know of the trial date until several days before it was scheduled. **See** N.T., Trial, 2/27/14, at 4. Furthermore, Willemain stated that he had asked an attorney to represent him, but that the attorney was not available on the date of trial. **See id**.

We agree with the trial court that the excuses proffered by Willemain were insufficient to demonstrate that Willemain had made a good faith effort to retain private counsel in the nearly two months between the withdrawal of prior counsel and the date of trial. The fact that the trial date was not set until February 10 does not excuse Willemain's failure to pursue representation during the intervening weeks. Furthermore, if Willemain had retained private counsel, and such counsel was unavailable on the date of trial, it was incumbent upon *counsel* to enter his appearance and file for a continuance. Under these circumstances, we cannot conclude that the trial court's failure to grant a continuance constituted an error of law or an abuse of discretion.

In his second issue on appeal, Willemain argues that the Commonwealth failed to present evidence sufficient to sustain his conviction for DUI. We review a challenge to the sufficiency of the evidence as follows.

> The standard we apply when reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually

received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced is free to believe all, part or none of the evidence. Furthermore, when reviewing a sufficiency claim, our Court is required to give the prosecution the benefit of all reasonable inferences to be drawn from the evidence.

However, the inferences must flow from facts and circumstances proven in the record, and must be of such volume and quality as to overcome the presumption of innocence and satisfy the jury of an accused's guilt beyond a reasonable doubt. The trier of fact cannot base a conviction on conjecture and speculation and a verdict which is premised on suspicion will fail even under the limited scrutiny of appellate review.

***Commonwealth v. Slocum***, 86 A.3d 272, 275-276 (Pa. Super. 2014) (citation omitted).

Willemain argues that even if the PFPA officers' testimony is believed, his "driving was not sufficiently erratic as to demonstrate that he was incapable of driving safely." Appellant's Brief, at 25. He asserts that if his driving was that erratic, the officers would have pulled him over themselves, and not waited for the Pennsylvania State Police to arrive. ***See id***.

Sergeant Gerald Haskell of the PFPA testified that Willemain's vehicle crossed the center line of the roadway at least six times. ***See*** N.T., Trial, 2/27/14, at 9-11. At one point, Willemain almost struck a vehicle in the oncoming lane of traffic. ***See id***., at 9-10.

Trooper Michael Myers testified that he observed that Willemain had bloodshot, glassy eyes and was leaning on his vehicle to support himself. ***See id***., at 87-88. Trooper Myers detected a strong odor of alcohol from Willemain. ***See id***., at 88. Willemain's speech was slurred, and he seemed

confused and disoriented. *See id*. While escorting Willemain to his patrol vehicle, Trooper Myers had to support Willemain to keep him from falling. *See id*., at 89. Based upon his experience and training, Trooper Myers opined that Willemain was under the influence of alcohol to a degree that he was not capable of operating a vehicle safely. *See id*., at 90. Finally, Trooper Myers testified that Willemain refused to consent to having a blood sample taken. *See id*., at 91-94.

Taking all inferences and credibility determinations in favor of the Commonwealth, as our standard of review requires, we conclude that this evidence was more than sufficient to sustain the conviction for DUI. Willemain's argument that his driving was not so erratic as to constitute DUI is beside the point. Trooper Myers's observations and expert opinion provided sufficient evidence for the conviction. Furthermore, the failure of the PFPA officers to effectuate a traffic stop does not provide any relief to Willemain, as there is no evidence that they were empowered to effectuate such a traffic stop. Even in the face of such evidence, Willemain's argument would go the credibility of their testimony, and therefore is not cognizable under a challenge to the sufficiency of the evidence. Thus, we conclude that neither of Willemain's arguments on appeal merit relief.

Judgment of sentence affirmed.  Jurisdiction relinquished.

President Judge Emeritus Ford-Elliott joins in the memorandum.

Justice Fitzgerald notes his dissent.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/17/2015